IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| BRADEN NETHERLAND, <br> and EDWARD H. NETHERLAND, <br><br> Plaintiffs, <br><br> v. <br><br> INFINITY AUTO INSURANCE COMPANY, <br> INSURANCE SERVICES OFFICE, INC., <br> and CARFAX, INC., <br><br> Defendants. | No. _____ |

## NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, AT NASHVILLE

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Infinity Auto Insurance Company ("Infinity"), Insurance Services Office, Inc. ("ISO"), and Carfax, Inc. ("Carfax") (collectively, "Defendants") file this Notice of Removal of this action from the Circuit Court for Davidson County, Tennessee, 20th Judicial District, at Nashville, where it is currently pending, to the United States District Court for the Middle District of Tennessee at Nashville. This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there is complete diversity between Plaintiffs and Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

In support of this Notice, Defendants respectfully state as follows:

1. Plaintiffs instituted this civil action in the Circuit Court for Davidson County, Tennessee, 20th Judicial District, at Nashville, on May 22, 2013. ISO's registered agent was served with a copy of Plaintiffs' complaint on May 24, 2013. Infinity was served via the

Tennessee Commissioner of Insurance on May 29, 2013. Carfax's registered agent was served on June 10, 2013. A true and correct copy of the state court file, including all process and pleadings as served upon Defendants, is attached as *Exhibit 1* and is incorporated by reference.

2. Because this Notice was filed within thirty (30) days of receipt of the initial pleading on which this action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), Defendants have timely filed this Notice of Removal.

3. The United States District Court for the Middle District of Tennessee at Nashville is the federal judicial district embracing the Circuit Court for Davidson County, Tennessee, 20th Judicial District, at Nashville, where Plaintiffs originally filed this action. Venue is, therefore, proper under 28 U.S.C. § 123(b)(1) and § 1441(a).

## DIVERSITY JURISDICTION

4. Plaintiffs have sued Defendants in connection with the adjustment and settlement of an automobile insurance claim following a traffic accident in which Plaintiff Edward H. Netherland's automobile sustained extensive damage. This action qualifies for removal under 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between Plaintiffs and all three Defendants, and the amount in controversy exceeds $75,000.

5. Upon information and belief, Plaintiffs are both citizens of the State of Tennessee who reside in Rutherford County, Tennessee. (Compl. ¶ 1.)

6. As reflected in its public filings, Infinity is an Ohio corporation with its principal place of business in Birmingham Alabama. (Form 10-K for the year ended Dec. 31, 2012, Exhibit 21).[1] (Compl. ¶ 2.)

---

[1] Available at http://ir.infinityauto.com/Cache/16134881.pdf?IID=4081931&FID=16134881&O=3&OSID=9.

2

7. ISO is a Delaware corporation with its principal place of business in Jersey City, New Jersey. (*Id.* ¶ 3.)

8. Carfax is a Pennsylvania corporation with its principal place of business in Centreville, Virginia. (*Id.* ¶ 4.)

9. Plaintiffs' complaint indicates that there is an amount in controversy in excess of the $75,000 jurisdictional minimum. Plaintiffs seek "direct and consequential damages" of at least $26,000 (which they seek to have trebled under the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. §§ 47-18-101, *et seq.*), plus a statutory bad faith penalty, punitive damages, and attorneys' fees. *See Wallace v. Ocwen Loan Servicing, LLC*, 2011 U.S. Dist. LEXIS 121503 (M.D. Tenn. Oct. 16, 2011) (finding amount in controversy satisfied, taking into account request for treble damages under the TCPA and statutory award of attorneys' fees); *See also Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 374-377 (6th Cir. 2007) (affirming denial of motion to remand where plaintiff sought treble damages, a bad faith penalty, and an award of attorneys' fees); *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572-73 (6th Cir. 2001) ("[A] fair reading of the unspecified and unliquidated damages sought by Plaintiffs provided that more than $75,000 was in controversy," taking into account the request for punitive damages.).

10. Accordingly, this Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332.

## MISCELLANEOUS MATTERS

11. A copy of this Notice of Removal is being filed with the Circuit Court for Davidson County, Tennessee, 20th Judicial District, at Nashville. Written notice of the removal of this action also is being sent to all other parties to this action, including Plaintiffs' counsel. Copies of the notices to be mailed are attached as *Exhibit 2*.

12. Defendants have not previously attempted to remove this action.

13. The prerequisites for removal under 28 U.S.C. §§ 1332, 1441, and 1446 have been met.

14. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Middle District of Tennessee at Nashville, and this action is removable to the United States District Court for the Middle District of Tennessee at Nashville.

15. As evidenced by the signatures below, all Defendants join in this Notice of Removal.

16. An appropriate Form JS-44 Civil Cover Sheet is attached as *Exhibit 3*.

**DATED** this 24th day of June, 2013.

        Respectfully submitted,

/s/ *signature*

E. Steele Clayton, IV (BPR #17298)
Joseph B. Crace, Jr. (BPR #27753)
**BASS, BERRY & SIMS PLC**
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200
sclayton@bassberry.com
jcrace@bassberry.com

*Attorneys for Defendant Insurance Services Office, Inc.*

*[signature]*

Mitzi L. George (BPR #27250)
**LEITNER, WILLIAMS, DOOLEY
 & NAPOLITAN, PLLC**
414 Union Street, Suite 1900
Bank of America Plaza
Nashville, Tennessee 37219-1782
(615) 255-7722
mitzi.george@leitnerfirm.com

*Attorneys for Defendant Infinity
Auto Insurance Company*

*[signature]*

Lela M. Hollabaugh (BPR #014894)
Heather Wright (BPR #30649)
**BRADLEY ARANT BOULT CUMMINGS LLP**
Suite 700, Roundabout Plaza
1600 Division Street
Nashville, TN 37203
(615) 244-2348
lhollabaugh@babc.com
hwright@babc.com

*Attorneys for Defendant Carfax, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that, on June 24, 2013, a true and correct copy of the foregoing was served upon the following counsel via certified mail, return receipt requested:

Stephen Nunn, Esq.
P. O. Box 150741
Nashville, TN 37215

_____
Joseph B. Crace, Jr.

LEXSEE

TODD WALLACE and CORINNA WALLACE, Plaintiffs, v. OCWEN LOAN SERVICING, LLC., Defendant.

No. 3-11-00810

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

2011 U.S. Dist. LEXIS 121503

October 16, 2011, Decided
October 16, 2011, Filed

**CORE TERMS:** attorneys' fees, treble damages, amount in controversy, consumer protection, punitive damages, compensatory, diversity, consumer fraud, amount-in-controversy, consumer's, removal

**COUNSEL:** [*1] For Todd Wallace, Corinna Wallace, Plaintiff: Robert J. Martin, Clarksville, TN.

For Ocwen Loan Servicing, LLC, Defendant: James Alfred DeLanis, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC (Nash), Nashville, TN.

**JUDGES:** WILLIAM J. HAYNES, JR, United States District Judge.

**OPINION BY:** WILLIAM J. HAYNES, JR

**OPINION**

**ORDER**

Plaintiffs, Todd Wallace and Corrina Wallace, Tennessee citizens, originally filed this action in the Circuit Court of Stewart County, Tennessee against the Defendant, Ocwen Loan Servicing, LLC, a Delaware corporation, with its principal place of business in Florida. Plaintiffs assert claims for breach of contract, negligence, violations of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. §§ 47-18-101 et seq., and fraud. Plaintiffs seek "compensatory and punitive damages from the Defendant in an amount not to exceed $74,000." (Docket Entry No. 1, Exhibit A at 6). The Defendant removed the action to this Court under 28 U.S.C. § 1332, the federal diversity statute.

Before the Court is Plaintiffs' motion for remand (Docket Entry No. 5), contending that their claims are based solely on state law and that they expressly seek an amount of damages not to exceed $74,000.00. In response, [*2] Defendant contends that removal is based upon diversity jurisdiction and Plaintiffs' claims for compensatory and punitive damages as well as the availability of treble damages and attorneys' fees under the TCPA create a controversy that exceeds $75,000.

"A defendant wishing to remove a case bears the burden of satisfying the amount-in-controversy requirement." Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006). As a general rule, the sum alleged in the complaint controls, but where the plaintiff seeks "'to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000." Id. (quoting Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993)). The Sixth Circuit has stated that "the plaintiffs claim of damages does not require an absolute certainty of recovery; rather, it is sufficient if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount." Farrington v. Cox, No. 3:07-CV-220, 2007 U.S. Dist. LEXIS 53755, 2007 WL 2138631, at *2 (E.D. Tenn. July 23, 2007) (citing Worthams v. Atlanta Life Ins. Co., 533 F.2d 994, 997-98 (6th Cir. 1976)).

In [*3] Rosen v. Chrysler Corp., 205 F.3d 918 (6th Cir. 2000), the complaint sought contract damages, as well as treble damages and attorneys' fees under New Jersey's consumer fraud act. Id. at 922 (noting that once a plaintiff proves an unlawful practice under the New Jersey Consumer Fraud Act, treble damages are required). The Sixth Circuit held that the district court erred when it "neglected to consider the possibility of treble damages"

in determining the amount in controversy requirement. Id.

Yet, "attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees." Howell v. Aramark Management Services, No. 3:08-0667, 2008 U.S. Dist. LEXIS 58294, 2008 WL 2951104, at * 1 (M.D. Tenn. July 28, 2008) (citing Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 376 (6th Cir. 2007)). Thus, the Court considers only jurisdiction if a statute authorizes attorney fees. Id. Here, the TCPA provides for attorney's fees, as well as treble damages. Tenn. Code Ann. § 47-18-109(e)(1), (a)(3); see Hardcastle v. Harris, 170 S.W.3d 67, 90-91 (Tenn. Ct. App. 2004) ("Tennessee's courts have [*4] . . . upheld an award for attorney's fees under the Tennessee Consumer Protection Act even though the consumer did not include a specific request for attorney's fees in his complaint. The court reasoned that the consumer protection claim by itself put the defendant on notice that it could be required to pay the consumer's attorney's fees because attorney's fees were, by statute, an element of damages in the consumer protection case."). Moreover, "[i]n calculating the amount in controversy, compensatory and punitive damages claimed by plaintiff are included, as are any statutory penalties and statutory attorney's fees sought by a plaintiff." Farrington, 2007 U.S. Dist. LEXIS 53755, 2007 WL 2138631, at *2 (citing Hahn v. Auto-Owners Ins. Group, No. 3:04-cv-380, 2006 U.S. Dist. LEXIS 70299, 2006 WL 2796479, at *1 (E.D. Tenn. Sept. 27, 2006) (citing Wood v. Stark Tri--County Bldg. Trades Council, 473 F.2d 272, 274 (6th Cir. 1973) and Clark v. National Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)).

Although Plaintiffs do not specifically assert that they are seeking treble damages and attorney's fees, based upon the cited authorities, the Court concludes that Defendant has satisfied its burden that the amount in controversy more [*5] likely than not exceeds $75,000 and Defendant's removal was proper. Accordingly, Plaintiffs' motion for remand (Docket Entry No. 5) is **DENIED.**

It is so **ORDERED.**

**ENTERED** this the 16th day of October, 2011.

/s/ William J. Haynes, Jr

WILLIAM J. HAYNES, JR

United States District Judge